Jamie Osuna #BD0868
4A-1L-#44L
GSP-CORCORAN
P.O.BOX:3476
CORCORAN, CA 93212
Plaintiff,

FILED
SEP 14 2026
CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY DEPUTY CLERK

JONES et al..
Defendents

Case No.1:26-CV-06848-EGC (PC)

MOTION: EMERGENY MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND FOR AN ORDER COMPELLING CSP/CORCORAN STATE PRISON TO PRODUCE CERTIFIED TRUST ACCOUNT STATMENT, SO PLAINTIFF CAN COMPLY WITH (IFP) REQUIRMENTS AND COURT ORDER AND PURSUANT TO PLAINTIFFS RIGHTS TO 28.U.S.C §1915 (a),(2).

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

TO THE HONORABLE JUDGE,

Plaintiff Jamie Osuna, currently incarcerated at Corcoran State Prison Respectfully moves this court for:

(1.) LEAVE TO PROCEED (IN FORMA PAUPERIS) AND THE above caption civil right's action under 28.U.S.C. §1915.

(2.) And an ORDER compelling CDCR/CORCORAN-including Trust Account Office and litigation cordinations office; (a.) TO PROVIDE PLAINTIFF WITH A CERTIFY'D COPY OF HIS INMATE TRUST ACCOUNT STATMENT, covering the six (6) month period most immediately prior to the filing of this action.

I. BACKGROUND;

This court previuosly ordered the attorney general to showcause as to why csp/corcoran state prison refused to file plaintiffs complaints by means of E-file the attorney general alleged plaintiff has acess and on 8/28/26 the prison litigations e-filed the complaint. Around 8/31/26 courts o ordered plaintiff to provide ccourts within (45) days (IFP application); with certified trust sttament. However the plaintiff filed this

Complaint with the courts it did not include (IFP) application, however this was due to corcoran state prison entities who are responsible for providing a certified true document of plaintiffs trust account statment failed to do so, upon the plaintiffs countless requests including following departmental policy's, and internal operation policy's (1.) prior to the filing of this complaint do to similar issues with cdcr regarding "certified trust acount statment" suh as case 1:26-cv-0 4240-EPG on 6/14/26 and after and befor as provided as EXIBIT (A) when i request from the proper entities to provide me with the certified statment the trust offie immediatetly stated " IVE ATTACHED OUR OP 254 FOR FURTHER CLARIFIATION" Dated 6/19/26.

prior to this the trust office stated they needed "SEND THE COURT DOCUMENTS REQUESTING THE CERTIFIED STATMENT EXIBIT (B) dated 5/22/26

i explained i have to file a new civil ase it does not yet have a civil number because the (IFP) with a 'CERTIFIED" "STATMENT" must be attached ive explained proprer attached documents.

the policy that ccorcoran provided had nothing to do with there proedures for me abtaining the IFP statment. i then explained the E-filing proccess and how with the e-file complaint as shown on exibit (C) which shows Document page limit, A. civil cover sheet page limit 1. B. civil complaint. page limit 25, C. application to proceed in forma pauperis or D. motion to seek ecct.. E. motion for ect.. page limit (15) pages on all these documents combined.

however corcoran trust office argued that they need "DOCUMENTS SHOWING THE COURT REQUESTING THEM" once ive try'd everything going back forth i file the civil complaints with courts once courts issue the oreder to produce certified statment i then send the stament to the proper institutional entities in whih they respond by giving me there

Policy's as they state to refference in most of my ivil filings including this action ive been un successful. corcoran state prison has made it clear they do not provide certified statments without court order

as shown on exibit A ive requested for the fifth time more since then even though cdcr responded with there local operation procedure i even followed that yet was unsucessfull.

II. GOOD FAITH.

(1.) plaintiff has submitted countless requests through internal mail procedures and has followed all prison policy's that should have not hindered plaintiff from recieving certified statment.

(2.) plaintiff has repeatedly followed up with the trust office and others over the course of months.

(3.) cdcr in other similar civil cases on the DOCKET have only provided the certified statment with ourt order with no explaination as to why there refusing to provide such document requred by courts and that whicch is apart of the E-filing pilot program.

(4.) plaintiff has provided the courts with some of the cummunications that the trust aount office responded to others they have not.

(5.)from the trust account own response exibit (A) cdcr highlighted there own internal policys that asserts that i need to Provide some "COURT DOCUMENT THAT IS "STAMPED, however this policy does not say this the trust office is taking this out of context its reffrencing that the certified account statment must be stamped, not that in order for the plaintiff to recieve an certified statment plaintiff must provide some stamped document from the courts. regardless this is there response.

(6.) the prison/trust office has displayed that regardless what plaintiff does the plaintiff needs court intervention..

(7.)wihtout cdcr cooperation plaintiff cannot apply for (IFP) or comply with court ordere as to plaintiffs reliance on cdcr who is in possession of said required documents to apply for (IFP).

III) Legal authority;

Under 28.U.S.C §1915 (a), (2) a prisoner seeking IFP sattis must submit "A Certified copy of a trust account sttament...ect for the six month period immedietly preciding the filing of complainmt..... obtained from the appropiate officals of eah prison at which the prisoner is or was confined this reuquirment cann ot be waived and only cdcr officals are auhtorized to certify the trust acount staement plaintiff has exuagsted all internal methods to obtain ther required documentation.

the trust acount offices refusal to comply and its responses that the plaintiff must "have court documents" showing there request for certify'd statment and then providing there loal policy stating plaintiff must provide stampted offical document that the plaintiff is unable to obtain let alone for "Initial filing" or current court order cdcr is choosing not tocomply and has not in the past with plaintiffs other civil cases cdcr still has not hanged there possition .

This conduct vbiolates plaintiffs rights to of access the courts under the 1st and 14th amendments to the U.S constitution.

SEE:

(1.) •BOUND v. SMITH, 430 US.817 (1977)

(2.) • LEWIS v. CASEY, 518 US 343 (1996)

(3.) • Johnson v. avery, 393 US 483 (1969)

Federal ourts rutinely interven in such cases. SEE;

•HOLT v. STATE OF CALIFORNIA, No.1:21-cv-01231-DAD-EPG, 2022 WL 945941-(Ed.Cal.MAR29,2022)(GRANTING ORDER TO COMPELL CDCR TO PROVIDE TRUST ACCOUNT STAMENT.)

Spener v. Celso, Same.

IIII. EXIBITS, ive attached (6) six exibit pages showing plaintiffs past attempts and present for inital filings & with court order and showing there consistent responses

IIIII. Prayer for relief.

Plaintiff jamie osuna #BD0868 respetfully requests this court : (1.) Grant leave to proceed in (informa pauperis) IFP in this civil action rights matter.

(2.) issue an order compelling CDCR/CORCORAN to prerpare and certif a trust account stament for the past six (6) monthsperiod from the time date initial filing.

(3.) grant such additional relief as the court deems just and prope to preserve the plaintiffs rights to access this forum.

I Jamie Osuna Declare under Penalty Of Perjury that all is correct and true.

respectfully submitted;

Date Executed On: 9/8/26

By:

STATE OF CALIFORNIA
GA-22 (Rev. 2013-10)

DEPARTMENT OF CORRECTIONS & REHABILIATION

# INMATE REQUEST FOR INTERVIEW

| DATE | TO | FROM (LAST NAME) | CDCR NUMBER |
|---|---|---|---|
| 6/4/26 | TRUST ACCOUNT OFFICE | osuna | BD0868 |

| HOUSING | BED NUMBER | WORK ASSIGNMENT | JOB NUMBER |
|---|---|---|---|
| 4A-K -1L | 44 | | FROM TO |

| OTHER ASSIGNMENT (SCHOOL, THERAPY, ETC.) | ASSIGNMENT HOURS |
|---|---|
| | FROM TO |

**Clearly state your reason for requesting this interview.**
You will be called in for interview in the near future if the matter cannot be handled by correspondence.

im responding to your response the way policy/federal courts work is when we file an initail complaint we dont need a court order or deadline yopu were given proper information last time your offie did this then you literally lied to the courts claiming you misunderstood me so on i have a 22 form with same request a long time ago & your office provided it ~~yek~~ dont you think im repeating the same as last time i was given form i filed 3 or 4 motions in prev ious civil cases from your office refusing to hand over inmate cerify'd statment & every time you never make the argument " O OSUNA FAILED TO PROVIDE CURT DOCUMENTATION" ill provide the courts your response agian and get a court order again but i need trust account statment no

**Do NOT write below this line. If more space is required, write on back.**

INTERVIEWED BY

DATE

DISPOSITION

[6]

EXIBIT A

[10] [7]

STATE OF CALIFORNIA
GA-0022 (Rev 2013-10)

DEPARTMENT OF CORRECTIONS & REHABILIATION

# INMATE REQUEST FOR INTERVIEW

| DATE | TO | FROM (LAST NAME) | CDCR NUMBER |
|---|---|---|---|
| 6/17/26 | [redacted] | OSUNA, JAMIE | BD0868 |

| HOUSING | BED NUMBER | WORK ASSIGNMENT | JOB NUMBER |
|---|---|---|---|
| 4A-1L-#44L | #44 | | FROM TO |

| OTHER ASSIGNMENT (SCHOOL, THERAPY, ETC.) | ASSIGNMENT HOURS |
|---|---|
| | FROM TO |

**Clearly state your reason for requesting this interview.**
You will be called in for interview in the near future if the matter cannot be handled by correspondence.

i dont have to show you anything for one when we inmates file a cicvil suite that doesnt have a case number it must be accompanyd by the IFP form with certify'd statement your inteffering with this proccess ~~ix~~ ive already sent you case papers plusu iojm im filing another intitial civil suite your claiming i must somehow give you papers from the court that dont exist

**Do NOT write below this line. If more space is required, write on back.**

INTERVIEWED BY: Gonzalez

DATE: 6/09/26

DISPOSITION: I have provided OP 254 for you to reference

EXIBIT A

Chronos, from each yard. The Loss of Privilege Report is generated by the Captain's Office representing each yard.

D. Types of Trust Account Withdrawals

Refer to guidelines in CCR, Title 15, Article 9, Sections 3190 and 3191.

1. Account Certification (In Forma Pauperis) – Court Filing Fees (Prison Litigation Reform Act of 1995). The certification request comes to the Accounting/Trust Office and must be accompanied with the Application to Proceed In Forma Pauperis or Request for Fee Waiver for copies of the prior six months account history. A copy must be officially stamped and signed by the Accounting/Trust Office Staff as a certified copy of the original account history. This must be done before they can be forwarded to the Litigation Office. (See Court Ordered Filing Fees #4 below).

2. Attorney Fees – CCIs may approve withdraws to pay attorney fees even if an Incarcerated person is assessed Loss of Privileges.

3. Court Ordered Filing Fees (Account Certification) – Trust Account Withdrawal Orders are not required for court ordered filing fees. They are processed per Court Order and the payments are deducted for each court filing from the Incarcerated person's Trust Account. The instructions will be written within the court order for initial and partial payments. Twenty percent of any income (payroll, incoming funds, modification order monies, insurance company settlements, and payments from inheritance, etc.) will be deducted from an Incarcerated person's account for each court order.

4. Damage/Destruction of State Property Charges – The Trust Account Withdrawal Order for damage to State property must be signed by the Incarcerated person and approved by the Disciplinary Hearing Officer or the chairperson of the Disciplinary Committee. These charges are assessed for damages and are payable to the State. These charges will follow the Incarcerated person from one institution to the next and are also valid upon re-incarceration. Senior Hearing Officers (SHO) and Hearing Officers (HO) shall have the Incarcerated person sign a Trust Account Withdrawal Order when the disciplinary disposition requires reimbursement. The SHO/HO shall ensure a final copy of Rules Violation Report (RVR) or CDCR 128-A, Custodial Counseling Chrono is attached to the Trust Account Withdrawal Order when forwarded to the Trust Office.

   a. This task is not to be delegated to the CCI. Trust account balances are not relevant to the disciplinary process. The CCI shall not be required

[redacted]

STATE OF CALIFORNIA
GA-0022 (Rev 2013-10)

DEPARTMENT OF CORRECTIONS & REHABILITATION

# INMATE REQUEST FOR INTERVIEW

| DATE | TO | FROM (LAST NAME) | CDCR NUMBER |
|---|---|---|---|
| 5/19/26 | [redacted] | OSUNA, JAMIE | BJ0868 |

| HOUSING | BED NUMBER | WORK ASSIGNMENT | JOB NUMBER FROM TO |
|---|---|---|---|
| 4A-1L | 44 | | |

OTHER ASSIGNMENT (SCHOOL, THERAPY, ETC.)

ASSIGNMENT HOURS FROM TO

**Clearly state your reason for requesting this interview.**
You will be called in for interview in the near future if the matter cannot be handled by correspondence.

I HAVE TO FILE A NEW CIVIL CASE IT DOES NOT HAVE YET A CIVIL CASE NUMBER BECAUSE THE (IFP) WITH A "CERTIFY'D STATMENT MUST BE ATTACHED" I'M REQUESTING A. INMATE'S CERTIFYD STATMENT TRANSACTION SHEET IVE ATTACHED, TRUST ACCOUNT WITHDRAWL AUTHORIZATION".

Do NOT write below this line. If more space is required, write on back.

INTERVIEWED BY: [signature] DATE 5/22/26

DISPOSITION: Send the court documents requesting the certified statement.

EXHIBIT B

[9]

[9]

STATE OF CALIFORNIA
COC-0193 (1/88)

DEPARTMENT OF CORRECTIONS

# TRUST ACCOUNT WITHDRAWAL ORDER

Date 5/19/ 20 26

To: Warden Approved ____________

I hereby request that my Trust Account be charged $____________ for the purpose stated below and authorize the withdrawal of that sum from my account:

B20868
NUMBER

[signature]
NAME (Signature please. DO NOT PRINT)

State below the PURPOSE for which withdrawal is requested (do not use this form for Canteen or Hobby purchase).

PURPOSE
Of Withdrawl For An Inmate Certify Inmate Trust Account Statment For A New Civil Case I Need To File For The Amount Of The Certifyd Statment Transaction" Copies

PRINT PLAINLY BELOW name and address of person to whom check is to be mailed.

NAME ____________

ADDRESS ____________

PRINT YOUR FULL NAME HERE
Jamie Osuna

EXIBIT (B)

[8]
[10]

**I. E-Filing Program:** Pursuant to a Standing Order signed by the Chief District Judge entitled "In Re: Procedural Rules for Electronic Submission Of Prisoner Litigation Filed By Plaintiffs Incarcerated at [Selected Institutions]", this institution is participating in the E-filing program with the United States District Court for the Eastern District of California.

The E-filing program applies only to "initial case documents" filed in federal civil cases brought at participating penal institutions in the Eastern District of California for cases only involving conditions of confinement, usually brought under 42 U.S.C. § 1983. "Initial case documents" include the following documents and must comply with the page limitations indicated. **Any document which exceeds the stated page limitation without court authorization will be rejected for filing by CDCR and the Court.**

| Document | | Page Limit |
| --- | --- | --- |
| A. | Civil Cover Sheet; | 1 |
| B. | Civil Complaint; | 25 |
| C. | Application for *In Forma Pauperis* | 15 pages on all these documents **combined** |
| D. | Motion to Seek Relief from E-Filing Procedures; and | (C–E combined) |
| E. | Motion for Emergency Relief (e.g., injunctive relief) | (C–E combined) |

All other documents can be filed with the Court by mailing the documents through the routine legal mail procedures at the institution.

All documents that fall within the scope of the E-filing program must be filed through the E-filing program. Any attempt by a plaintiff to file "initial case documents" through a process other than the E-filing program will be rejected and returned unfiled to the plaintiff, unless the plaintiff pays the full filing fee at the time of filing.

**Procedure for E-filing:** Initial case documents filed through the E-filing program shall be delivered to designated CDCR staff. The plaintiff need not pay for copies or mailing costs. CDCR staff will scan and e-mail the initial case documents to the Court for filing. The original initial case documents will be returned to the plaintiff with a date stamp indicating the originals were scanned and emailed for filing. Plaintiff will not receive any other file stamped copies of their initial case documents from the Court or CDCR.

After the initial case documents are received by the Court, the Court will issue "prisoner new case documents," which include the Notice of Filing (noting the civil case number and the date complaint was filed), the First Informational Order, Sample Proof of Service, Change of Address form and Consent to Proceed before a United States Magistrate Judge form. These documents shall be emailed by the Court to CDCR for delivery to the plaintiff.

**All subsequent documents submitted for filing by the plaintiff after the "initial case documents" are filed must be done through CDCR's normal legal mail process and sent via mail to the Court.**

**II. Exhaustion of Administrative Remedies**

If there is an inmate appeal or administrative grievance process available at your institution, you may not file a Bivens Action, Section 1983, or an action under any other federal law, until you have first completed (exhausted) the process available at your institution. You are required to complete the inmate appeal or