UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JAMIE OSUNA,

Plaintiff,

v.

GENA JONES, et al.,

Defendants.

1:26-cv-06848-EGC (PC)

**ORDER DENYING PLAINTIFF'S MOTION FILED SEPTEMBER 14, 2026**

(Doc. 5)

**ORDER DIRECTING PLAINTIFF TO SUBMIT IFP APPLICATION, WITHOUT CERTIFICATION, NO LATER THAN OCTOBER 15, 2026**

**ORDER DIRECTING CLERK OF THE COURT TO PROVIDE IFP APPLICATION FORM**

Plaintiff is a state prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983.

**I. RELEVANT BACKGROUND**

On August 31, 2026, the Court issued its Order to Submit Application to Proceed In Forma Pauperis (IFP) or Pay Filing Fee Within 45 Days. (Doc. 4.) The order was served on Plaintiff that same date and included an Application to Proceed In Forma Pauperis by a Prisoner form. (*Id*. at 2-3.)

On September 14, 2026, Plaintiff filed a document titled "Motion: [Emergency] Motion for Leave to Proceed In Forma Pauperis and for an Order Compelling CSP/Corcoran State Prison to Produce Certified Account [Statement], So Plaintiff Can Comply with (IFP) Requirements and Court Order and Pursuant to Plaintiffs Rights to 28 U.S.C §1915(a),(2)." (Doc. 5.)

## II. DISCUSSION

Briefly stated, Plaintiff's motion provides a lengthy explanation of his efforts to obtain a certified trust statement to include with an application to proceed IFP. (Doc. 5.) He references actions taken in another case filed in this district concerning an IFP application. He states he has submitted "countless requests" concerning prison policy about obtaining trust statements related to the prison's refusal to provide a trust statement to be filed with a complaint. Plaintiff asserts that the prison's conduct violates his right to access the courts and attaches exhibits in support of his motion. He asks the Court to grant him leave to proceed IFP, to issue an order compelling the prison to prepare a certified trust statement, and to grant such additional relief as the Court deems just and proper.

The Court's August 31, 2026 order directed Plaintiff to file an IFP application within 45 days. Instead of completing the IFP application and submitting it without a certified trust statement attached, Plaintiff filed the instant motion seeking leave to proceed IFP and for an order compelling the prison to provide a certified trust statement. Plaintiff is advised that the Court requires an IFP application — with Questions 1 through 7 answered by Plaintiff and his signature affixed — prior to taking further action. Stated another way, upon receipt of an IFP application — completed and signed by Plaintiff, without regard to the section at the bottom of page 2 for completion by an "Authorized Officer" — the Court will take no action. This Court regularly receives completed and signed prisoner IFP applications with the "Certification" section blank and/or without a certified trust account statement. It then issues a Clerk's Notice and directs the California Department of Corrections and Rehabilitation "to submit a certified prison trust account statement" within "72 business hours of [the] notification." Thus, Plaintiff's attempt to obtain a certified trust statement to include with an IFP application when e-filing a complaint, albeit unsuccessful, does not warrant granting Plaintiff leave to proceed IFP or an order compelling the prison to act.

Moreover, the Information sheet previously provided to Plaintiff states that the IFP application "form includes your authorization for the agency having custody of you to provide a certified copy of your trust account statement … to the Court so that your eligibility for [IFP]

status can be determined." (*See* Doc. 4-1 at 1.) It also makes a distinction between prisoners housed in a CDCR facility and those housed in a jail or federal facility wherein such prisoners "must have [their] institution complete the certification on the form and attach a certified copy of [their] prison or jail account statement …." (*Id.*) Thus, a careful reading of the Information sheet provided establishes that, as a CDCR prisoner, Plaintiff may submit his IFP application without providing a certified trust statement because his signature authorizes the Court to obtain one on his behalf upon its receipt.

## III. CONCLUSION AND ORDER

Accordingly, the Court **HEREBY ORDERS** as follows:

1. Plaintiff's motion filed September 14, 2026 (Doc. 5) is **DENIED**;
2. Plaintiff **SHALL** submit a completed and signed IFP application, answering Questions 1 through 7 and leaving the "Certification" section at the bottom of page 2 blank, **no later than October 15, 2026**;
3. Although previously provided, out of an abundance of action, the Clerk of the Court is **DIRECTED** to serve Plaintiff with a blank Application to Proceed In Forma Pauperis by a Prisoner form along with this Order.

**Plaintiff is advised that a failure to timely comply with this Order will result in a recommendation that this action be dismissed for a failure to obey court orders and failure to prosecute**.

IT IS SO ORDERED.

Dated: **September 18, 2026**

Erin Suzy Castillo
UNITED STATES MAGISTRATE JUDGE