FILED

SEP 17 2026

CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY ________ DEPUTY CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

Jamie Osuna BD0868
CSP-COR PO Box 8800
Corcoran, CA 93212,

Plaintiff,

v.

Gena Jones, et al,

Defendants.

No. **1:26-cv-06848-EGC**

**PLAINTIFF'S MOTION FOR EXTENSION OF TIME AND REQUEST FOR RE-SERVICE AND DELIVERY OF COMPLETE CASE-OPENING DOCUMENTS**

Plaintiff Jamie Osuna, proceeding pro se and incarcerated at California State Prison–Corcoran ("CSP-COR"), moves under Federal Rule of Civil Procedure 6(b) and Local Rule 144 for an extension of the October 1, 2026, consent-or-decline deadline and complete delivery of the Court's case-opening documents. The accompanying declaration supports this motion, which is submitted without a noticed hearing under Local Rule 230(l).

## BACKGROUND

Plaintiff previously sought relief concerning access to CSP-COR's electronic-filing procedure in *In re Jamie Osuna*, No. 1:26-mc-00096-SAB. The Court directed Supervising Deputy Attorney General Lawrence Bragg to respond. *Id.*, ECF No. 2 (Aug. 25, 2026). The complaint in this action was subsequently filed on August 27. On August 28, the Clerk issued the Prisoner New Case Documents and Order Regarding Consent, including the consent form and e-filing notice, and electronically served those materials on CSP-COR. ECF Nos. 1–3. ECF No. 2 set October 1, 2026, as the consent-or-decline deadline.

Plaintiff has not received the complete packet despite repeated requests through institutional staff, Form 22 requests, and an unresolved grievance. The papers presented on September 9 lacked the consent-or-decline materials. Plaintiff tried to explain the omissions and

did not sign for the incomplete packet; the librarian did not address them and left. Osuna Decl. ¶¶ 2–7.

The papers reportedly passed through the program office, where one or more defendants worked during the relevant period. Osuna Decl. ¶ 3. Plaintiff identifies this circumstance to support reliable, direct delivery, not to seek a finding in this motion that a particular defendant intentionally interfered with these documents.

**GROUNDS FOR RELIEF**

The Court's Standing Order requires CDCR staff to retrieve, print, and deliver electronically transmitted initial documents and to report non-delivery when a prisoner refuses delivery. *In re Procedural Rules for Electronic Submission of Prisoner Litigation Filed by Plaintiffs Incarcerated at Participating Penal Institutions*, Standing Order, effective March 1, 2016, ¶¶ 6–7. Electronic transmission to CSP-Corcoran therefore does not, by itself, establish that Plaintiff received the complete materials.

Good cause exists under Rule 6(b)(1)(A) because Plaintiff has diligently sought the documents needed to comply with the Court's instructions but still lacks them. Plaintiff has obtained no prior extension concerning these deadlines. A stipulation cannot reasonably be obtained because he has received no notice identifying counsel appearing for any defendant in this action. Osuna Decl. ¶ 8; L.R. 144(b)–(c). He requests an initial extension under Local Rule 144(c).

To the extent an extendible deadline in those materials has expired, Plaintiff alternatively requests relief for excusable neglect under Rule 6(b)(1)(B). Despite repeated efforts, he lacked the documents. The requested thirty-day compliance period entails no apparent prejudice or change to merits deadlines, and his diligence supports good faith.

**REQUEST FOR RELIEF**

1. Plaintiff requests that the Clerk retransmit ECF No. 2 and all attachments, including the consent form and e-filing notice, together with a current docket sheet and the order deciding this motion. In addition to electronic retransmission, the Clerk should mail a complete hard-

copy set directly to Plaintiff at his address of record.

2. Plaintiff requests that the Court direct designated CSP-COR staff to retrieve, print, and promptly deliver the complete replacement transmission under the Standing Order. The materials should be kept together, and Plaintiff should be permitted to identify the documents and note any omissions before acknowledging receipt.

3. Plaintiff requests that Court-ordered replacement service and institutional printing be completed without charge to him because he has not received the complete materials originally transmitted.

4. Plaintiff requests that the October 1, 2026, consent-or-decline deadline be extended to thirty days after his first actual receipt of the complete replacement packet through either delivery method. He requests the same relief for any additional, extendible response deadline contained in the undelivered case-opening materials, including relief for an expired deadline under Rule 6(b)(1)(B), without shortening an existing later deadline. Pending disposition of this motion, he requests an interim extension of the October 1 deadline until the Court rules and sets a new compliance date.

September 14, 2026



p.p. Jamie Osuna

**DECLARATION OF JAMIE OSUNA**

I, Jamie Osuna, declare:

1. I am Plaintiff in this action and submit this declaration in support of my motion for extension of time and re-service and delivery of complete case-opening documents. I am incarcerated at CSP-COR. The following describes my own actions and observations, except where I identify information reported to me.

2. I received a memorandum from the litigation coordinator confirming that my case had been electronically filed and referring to August 30, 2026. After receiving it, I repeatedly requested

the Court's documents through correctional officers, the law library, and the program office. The law library initially told me it had nothing for me. I also submitted CDCR Form 22 requests.

3. I was informed that the papers had been routed through the education office and program office. I am not permitted to participate in the education programs. One or more named defendants in this action worked in or through the program office during the relevant period.

4. At approximately 1:13 p.m. on Wednesday, September 9, 2026, law librarian Dan came to my door with loose papers that were not identified as a court packet and asked me to sign acknowledging receipt. At my request, she flipped through the papers for me to inspect.

5. The typical initial filing materials, such as the Order Regarding Consent, were missing. I attempted to explain the omissions, but Dan did not address them, rolled her eyes, and left with the incomplete packet. I declined to sign for the incomplete packet. I wanted the Court's documents and was trying to obtain a complete set.

6. Officer C. Duarte was present and wearing a body-worn camera. I showed Officer Duarte a packet from a prior electronically filed federal case to explain the materials I believed were missing.

7. I also filed an institutional grievance concerning the failure to provide the complete Court documents. The grievance has not resolved the problem, and I still have not received a complete packet.

8. I have obtained no prior extension concerning these deadlines. I have received no notice identifying counsel appearing for any defendant in this action. I therefore have no identified opposing counsel from whom I can reasonably obtain a stipulation extending this deadline.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 14, 2026

Jamie C. Osuna

p.p. Jamie Osuna